IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth R. Price,<br><br>                                    Petitioner,<br><br>v.<br><br>Director Myers,<br><br><br><br>                                    Respondent. | C/A No. 1:21-cv-2729-SAL<br><br><br><br>**OPINION AND ORDER** |

*Pro se* petitioner Kenneth R. Price ("Petitioner"), a state pretrial detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the September 28, 2021 Report and Recommendation of Magistrate Judge Shiva V. Hodges (the "Report"), ECF No. 14, recommending that Petitioner's § 2241 petition be summarily dismissed with prejudice.

**BACKGROUND**

As outlined in the Report, Petitioner filed this action as a pretrial detainee. He alleges he is being denied a fast and speedy trial, is unlawfully imprisoned, and is being encouraged to take a plea. [*See* ECF Nos. 9, 14.] The magistrate judge has recommended that Petitioner's § 2241 petition be dismissed with prejudice. [ECF No. 14.] Attached to the Report was a notice advising Petitioner that he had the right to file objections to the Report and that he had fourteen days to do so. *Id.* at 6. Petitioner did not file objections, but on October 28, 2021, he filed a letter indicating he had received the Report. [ECF No. 18.] He further stated he had been placed in lockdown and did not have law books or a way to adequately respond to the Report. *Id.*

On April 20, 2023, the court advised Petitioner that he would be given additional time to file objections to the Report, and, if he wished to do so, he needed to file objections by May 11,

1

2023. [ECF No. 19.] On April 27, 2023, the court received a letter from Petitioner. [ECF No. 21.] In his letter, Petitioner indicated he could not file objections because he did not have access to a law library, his legal papers, or mailing supplies. *Id.* at 1. He further complained of physical abuse by officers. *Id.* He also expressed great dissatisfaction with his state court counsel. *Id.*

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human*

*Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, Petitioner challenges a pending criminal case state court and asks to be taken to trial. [ECF No. 9.] The magistrate judge found dismissal appropriate based on abstention grounds due to Petitioner's pending state proceedings and his ability to pursue his claims in state court. [ECF No. 14 at 3–6.]

Petitioner has not filed objections to the Report, nor can any of the statements in his letters dated October 20, 2021 and April 24, 2023 be construed as objections. Indeed, although Petitioner's letters indicate he received the Report, he does not address the substance of the Report, nor does he identify any errors therein. He declines to respond to the Report. Even to the extent the court could construe his letters as general objections to the Report, that would be insufficient to adequately object. *Cf. Elijah v. Dunbar*, -- F.4th --, 2023 WL 3028346, at *3 (4th Cir. 2023) ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object"

3

preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).

Petitioner's letters focus on his lack of access to law books and other resources. Notably, while pretrial detainees are guaranteed access to the courts, they do not have a constitutional right to a law library. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp.2d 444, 448 (D.S.C. 2008) ("[T]he law is quite clear that those being temporarily detained in county facilities awaiting criminal trials do not have a constitutional right to a law library . . . ."). At the same time, Petitioner had the resources to file letters with the court, and he has been provided with multiple copies of the Report itself. Thus, he had the opportunity to raise objections to the Report.

Based on the court's review, the magistrate judge aptly described why dismissal is appropriate under the *Younger* abstention doctrine, which precludes federal courts from intervening in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). Of particular import here, one of the criteria for determining if such "narrow and extraordinary" circumstances are present is whether "there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Although Petitioner has articulated dissatisfaction with his attorney in his criminal case and with the state process, there are procedures in place that protect Petitioner's constitutional rights without this court's pretrial intervention, and the court finds Petitioner will not suffer irreparable injury by this court's dismissal of his petition. *See*

*Gilliam*, 75 F.3d at 903; *Younger*, 401 U.S. at 43–44.  Consequently, this court abstains from intervening in Petitioner's state proceedings.[1]

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report and **ADOPTS** the Report.  For the reasons discussed above and in the Report, Petitioner's § 2241 petition is **DISMISSED WITH PREJUDICE**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED**.

June 5, 2023
Columbia, South Carolina

s/Sherri A. Lydon
The Honorable Sherri A. Lydon
United States District Court Judge

---

[1] Based on a review of the state court docket, Petitioner's charges have been disposed of as of May 25, 2023.  *See State v. Kenneth Ray Price*, Case Number 2017A4011000050, Richland County, Fifth Judicial Circuit Public Index, https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (last accessed June 2, 2023).

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."